IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARIANO ALVAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00299-BP |
| | § | |
| HOME DEPOT #6534, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion for Summary Judgment (ECF No. 18) and the Response filed by Plaintiff Mariano Alvarez ("Alvarez") (ECF No. 24). Also before the Court is Defendants' Motion to Strike and/or Exclude Plaintiff's Experts and Brief in Support (ECF No. 23), to which Alvarez did not respond. Having considered the pleadings, summary judgment evidence, and legal authorities, the Court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 18), **DISMISSES** Alvarez's claims, and **DENIES** Defendants' Motion to Strike (ECF No. 23) as **MOOT**.

**I.    BACKGROUND**

This is a premises liability case. Alvarez testified in his deposition that on or about July 18, 2020, he was shopping for bags of concrete at the Home Depot store located at 1151 Bridgewood Drive, Fort Worth, Texas. ECF Nos. 1-2 at 5-6; 18 at 25. Home Depot keeps its bags of concrete on open metal shelves. ECF No. 18 at 22. These shelves are supported by front-facing braces (which face the aisle) and diagonal braces (which are located behind the front-facing braces). *Id.* at 4, 22.

Alvarez alleges that on the diagonal brace to the left of the concrete display, "there was a piece of metal that was attached or part of the metal frame that was sticking out and clearly

damaged" (the "Condition"). ECF No. 1-2 at 6. He included photos of the Condition in his Response. ECF No. 23 at 11-13. Alvarez testified that as he was loading bags of concrete onto his pallet, he reached out with his left hand and grabbed the diagonal brace. ECF No. 18 at 22. The Condition sliced his hand open, and he now sues Defendants for premises liability and negligent activity. *Id.*; ECF Nos. 23 at 16-17, 1-2 at 5-11.  Defendants moves for summary judgment on all claims. ECF No. 18.

## II.     LEGAL STANDARD

### A.     Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Slaughter v. S. Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Sw. Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).

When a movant carries its initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this

burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden[.]" *Douglass*, 79 F.3d at 1429. Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the "light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when "both parties have submitted evidence of contradictory facts," thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c). But "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "[S]ummary judgment is appropriate when 'the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" *Edwards v. Oliver*, 31 F.4th 925, 929 (5th Cir. 2022) (quoting *Celotex*, 477 U.S. at 323).

### B.  *Erie* Doctrine

"Under the *Erie* doctrine, [courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The Court "look[s] to decisions of the state's highest court, or in the absence of a final decision by that court on the issue under consideration, [it] must determine in [its] best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotations omitted).

## IV.   ANALYSIS

### A.   The Court ignores Defendant HD Dev Properties, LP's citizenship for purposes of diversity jurisdiction and dismisses Alvarez's claims against it.

Federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different [s]tates[.]" 28 U.S.C. § 1332(a)(1). Generally, complete diversity requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling* Co., 542 F.3d 1077 (5th Cir. 2008). But if a plaintiff improperly joins a nondiverse party, its citizenship will not defeat complete diversity. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).  To determine whether a plaintiff improperly joined the nondiverse defendant, "the court must analyze whether . . . plaintiff is unable to establish a cause of action against the nondiverse defendant." *Id.* This depends on "whether there is arguably a reasonable basis for predicting that state law might impose liability." *Id.* (internal quotation marks omitted). The Court may "'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Id.*

Alvarez alleges that Defendant HD Dev Properties, LP ("HDDP") was an owner of the Premises. ECF No. 1-2 at 5. Defendants contend that HDDP has not existed as a legal entity since December 24, 2017. ECF No. 1 at 3-4. Defendants cite to the affidavit of the Assistant Secretary of Home Depot USA Inc. ("HD"), who testified that HDDP has not owned the Premises since December 24, 2017. ECF No. 1-4 at 1. Alvarez does not dispute this, nor does he allege any facts or provide any evidence to show that HDDP or any of its employees engaged in any contemporaneous negligent activity. Alvarez therefore cannot establish a cause of action against HDDP. Accordingly, the Court ignores HDDP's citizenship for purposes of diversity jurisdiction, **GRANTS** Defendants' Motion with respect to HDDP, and **DISMISSES** Alvarez's claims against HDDP.

### B.     The Court deems the separately named Home Depot store #6534 to be HD.

Defendants assert that Defendant Home Depot #6534 is not a separate entity from Defendant HD. ECF Nos. 1 at 2; 18 at 1. Alvarez offers no evidence to show that it is a separate entity, nor does he contest Defendants' assertion. Accordingly, the Court **DEEMS** that Defendants Hope Depot #6534 and HD are the same legal entity and will refer to them collectively as "HD."

### C.     Diversity jurisdiction exists over Alvarez's claim against HD.

HD is a Delaware corporation with a principal place of business in Georgia, and Alvarez is a citizen of Texas. ECF No. 1 at 2-3. Because the parties are completely diverse and the amount in controversy exceeds $75,000, the Court has diversity jurisdiction over Alvarez's claims against HD. 28 U.S.C. § 1332; ECF No. 1-2 at 4. The Court thus applies the substantive law of the forum state, which here is Texas.

**D.     Because Alvarez does not offer evidence of any contemporaneous conduct by HD or its employees that caused his injuries, his negligent activity claims fail as a matter of law.**

Alvarez asserts claims for premises liability and negligent activity. ECF No. 25. "Although negligent activity and premises liability claims are branches of the same tree, they are conceptually distinct[.]" *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) ("*Austin I*") (applying Texas law). Claims for negligent activity are based on "affirmative, contemporaneous conduct by the owner that caused the injury, while" a claim for premises liability is "based on the owner's failure to take measures to make the property safe." *Id.* (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, at 776 (Tex. 2010)). "Distinguishing between these two causes of action can be tricky . . . , since almost every artificial condition can be said to have been created by an activity." *Id.* (internal quotation marks omitted). Plaintiffs "cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury." *Id.* at 197 (collecting Texas cases).

Alvarez offers no evidence to show that HD or any of its employees engaged in a contemporaneous, negligent activity at the time of his injuries. His injury occurred when he sliced his hand on a stationary and unattended metal brace. Because there was no ongoing activity, his negligent activity claims fail as a matter of law. Alvarez's response concedes as much. *See* ECF No. 24 at 7 ("A person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner."). Alvarez's only basis of recovery on the facts of this case is premises liability, so the Court **DISMISSES** all of his other claims.

**E.     The record contains no evidence that HD had any actual or constructive knowledge of the Condition.**

The first step in evaluating a premises liability claim is determining the nature and scope of the landowner's duty. *Austin I*, 746 F.3d at 198 (citing *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 217 (Tex. 2008)). "Whether a duty exists is a question of law" that requires "balancing a

number of factors, including the risk, foreseeability, and likelihood of injury, and the consequences of placing the burden on the defendant." *Id.* (cleaned up) (quoting *Del Lago Partners*, 307 S.W.3d at 767). The scope of a landowner's duty depends on the plaintiff's status. *Id.* One who enters another's property "with the owner's knowledge and for the mutual benefit of both" is an invitee. *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193 (Tex. 2015) ("*Austin II*"). A retail store customer like Alvarez is an invitee. *See Corbin*, 648 S.W.2d at 294-95.

Landowners have a duty to "make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be aware but the invitee is not." *Austin II*, 465 S.W.3d at 203 (collecting cases). This duty does not extend to open and obvious dangers "because the law presumes that invitees will take reasonable measures to protect themselves against known risks[.]" *Id.* A landowner's duty to an invitee is not absolute but instead is limited to a "duty to exercise ordinary, reasonable care." *Id.* HD argues that (1) there is no evidence that the Condition was unreasonably dangerous; and (2) it had no actual or constructive knowledge of the Condition. ECF No. 18 at 6. The Court grants HD's Motion based on the latter, so it need not consider the former.

HD maintains that it lacked actual or constructive knowledge of the Condition. ECF No. 18. A landowner "cannot breach a duty that it does not owe, and it does not owe a duty to correct a defect of which it is not, and should not be aware." *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, at 4 (Tex. 1996). Generally, in the context of hazards in stores, Texas law requires that there must be proof that the condition "existed for some length of time before a premises owner may be charged with constructive notice[.]" *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002); *see also Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006) (where ice cubes on the floor had not fully melted, landowner did not have constructive notice). The rule emerged from a

"reluctance to impose liability on a storekeeper for the carelessness of another over whom it had no control or for 'the fortuitous act of a single customer' that could instantly create a dangerous condition." *Reece*, 81 S.W.3d at 815-16.

HD argues that there is no evidence "that any of [its] employees saw or were notified about the dangerous [C]ondition[,]" nor is there any evidence "as to how long the alleged defect existed[.]" ECF No. 18 at 6-7. In response, Alvarez did not provide any evidence to indicate that a genuine issue of material fact exists. Instead, he offers a conclusory argument that because the Condition was "not in plain sight . . . , Defendants had a duty to warn or rather should have known of the metal shard." ECF No. 23 at 7.

By not showing any evidence of how long the Condition existed, Alvarez failed to carry his burden. "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Reece*, 81 S.W.3d at 816. Alvarez attempts to distinguish *Reece* because it "was a slip and fall case where a" small puddle of water was "to the side of the usual line snack-bar customers follow." ECF No. 23 at 7. He seems to argue that because the Condition is less obvious than the puddle in *Reece*, HD is under a heightened duty to inspect. Even if this were true, it would not negate the time-notice rule articulated in *Reece* or the principles behind it. There is no evidence of how long the Condition existed, who created the Condition in the first place, or anything that would allow a reasonable factfinder to assess HD's opportunity to discover the Condition. Summary judgment is appropriate here.

Moreover, to prevail on a premises liability claim, a plaintiff must show not only that the defendant knew of the condition, but also that it knew the condition posed an unreasonable risk of harm. *Zook v. Brookshire Grocery Co.*, 302 S.W.3d 452, 456 (Tex. App.—Dallas 2009, no pet.)

8

("[E]vidence of the owner's knowledge or appreciation of the dangerous condition must be established"). "Although there is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Univ. of Texas-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008).

Here, the record reflects no evidence that HD had any such reports before Alvarez's injury. It also contains no evidence reflecting how long the Condition existed. Thus, HD has carried its burden of showing no genuine issue of material fact as to its knowledge of the Condition, and Alvarez has offered no evidence to the contrary. *Zook*, 302 S.W.3d at 456 (affirming trial court's grant of summary judgment that the plaintiff did not show that the defendant had actual knowledge of unreasonable risk of faulty railing it had installed); *Reece*, 81 S.W.3d at 817 (defendant lacked constructive notice where there was no evidence of how long the hazard was in place). Accordingly, the Court **GRANTS** HD's Motion on Alvarez's premises liability claims. This renders Defendants' Motion to Strike (ECF No. 23) moot, so the Court **DENIES** it.

### III. CONCLUSION

HDDP did not own or operate the premises on which the Condition allegedly injured Alvarez. Alvarez's negligent activity claims fail as a matter of law because he did not allege or offer evidence of any contemporaneous conduct by Defendants or any of their employees that caused his injuries. Likewise, Alvarez offered no evidence that HD had actual or constructive knowledge of the Condition. In light of these rulings, Defendants' Motion to Strike is moot. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 18), **DISMISSES** Alvarez's claims, and **DENIES** Defendants' Motion to Strike (ECF No. 23) as **MOOT**.

It is so **ORDERED** on March 25, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

10